STATE OF MAINE                               SUPERIOR COURT
KENNEBEC, ss                                 CR-11-1006

                                             MM - KEN - 7/11/2013


JAMES F. AVERY

v.                                           ORDER ON PETITION FOR
                                             POST-CONVICTION REVIEW
STATE OF MAINE


## Introduction

Before the Court is a Petition for Post-Conviction Review brought by James F.

Avery who was convicted of Class D Domestic Violence Assault after a non-jury trial

before the Waterville District Court on June 28, 2011 (J. Dow). Mr. Avery was sentenced

to 364 days in the Kennebec County Jail, all suspended, with probation for two years

with special conditions requiring completion of a certified batterers intervention program,

domestic violence court, and a prohibition of contact with the victim unless she consented

in writing. Mr. Avery appealed his conviction to the Maine Supreme Court but dismissed

his appeal voluntarily in December of 2011. This petition was originally filed in

Waterville District Court on December 21, 2011, then re-filed in Kennebec Superior

Court on December 27, 2011. A post-conviction order was issued on February 23, 2012.

An amended Petition was filed November 16, 2012.

Attorney Verne Paradie, Jr. was appointed to represent Mr. Avery on May 17,

2012. The State is represented by Deputy District Attorney Fern LaRochelle. The Court

conducted an evidentiary hearing on May 13, 2013. The Petitioner testified as did his

court-appointed trial counsel, Jeffrey Towne. No experts were called by either party. The

1

parties submitted written post-trial arguments (the last of which was received May 28, 2013) addressing one of two issues that were raised for the first time at hearing.

The Petitioner alleged a number of claims in his original Petitioner. His first ground is that he was never advised of his "Miranda rights." Second, he alleges that he only met with his court-appointed attorney on one occasion just four days before trial. During that meeting he claims he asked his attorney to obtain medical records for the complainant which he suggested would show that she abused drugs and that she was on steroids that would cause her to be violent. According to the Petitioner, his attorney refused to do so. Third, he alleges that the complainant lied at the trial, that his counsel failed to establish this through cross-examination, that the attorney somehow failed to point out that a witness could not see what he claimed, and that there was furniture in the dwelling that prevented him from escaping from the victim's aggression. Fourth, he claimed that Judge Dow was condescending toward him, first telling him he did not have to answer any questions and then telling him to answer questions, and that the victim left the courtroom at the time of sentencing without giving him an opportunity to confront her at sentencing as he felt to be his right. Finally, he claims that he was "lynched by a political process not a trial."

In the Amended Petition, claims were added through counsel including failure to conduct an adequate pre-trial investigation of facts, police and other witnesses; failure to obtain medical records to show long-time steroid abuse which would have bolstered his self-defense claim; failure to keep him adequately apprised of developments in the case, failure to provide information regarding potential defenses; failure to file pre-trial motions; and failure to adequately cross-examine witnesses. Petitioner also included a

claim in the amended petition against his appellate attorney who he claims did not adequately discuss with him the appeal or prepare for it. The appeal was, according to the original Petition, dismissed voluntarily by petitioner. The Petitioner did not make any allegations against his appellate attorney at hearing, and the claim was not argued. The appellate attorney was not called and did not appear. The Court finds that the Petitioner has therefore waived his claim ineffective assistance of counsel against his appellate attorney.

The parties submitted post-trial memoranda on one of the issues raised for the first time at hearing. That issue was whether trial counsel was ineffective if he did not warn the Petitioner about losing his right to possess firearms if he was convicted of the domestic violence charge. The parties were asked by the Court to state their positions on the related issue as to whether the deferred disposition agreement that was offered (but declined by the Petitioner) would have resulted in the loss of those privileges.

The Court has considered the trial testimony and evidence presented along with the arguments of counsel, has reviewed all transcripts provided of proceedings in the Waterville District Court before Judge Dow, and issues the following findings conclusions and Order on this Petition.

## FINDINGS AND CONCLUSIONS

In order to prevail on this Petition, Mr. Avery must demonstrate by a preponderance of evidence that there was serious incompetence, inefficiency or inattention by defense counsel, and that the ineffectiveness likely deprived him of an

3

otherwise available substantial ground of relief. Importantly, Mr. Avery must prevail on both prongs of this standard in order to obtain relief from this proceeding. *State v. Brewer,* 1997 ME 177.

The Court will separately address each allegation brought by Mr. Avery, including two issues raised for the first time at the hearing on May 13, 2013.

### *I. Failure to challenge statements made by Petitioner to law enforcement*

The Petitioner claims in his pro se Petition that he was never advised of his *Miranda* rights. The State called at trial Officer Alden Weigelt of the Waterville Police Department who testified that on April 9, 2011 he interviewed Mr. Avery at his residence in response to a complaint of domestic violence. Arriving at the scene was Officer Matthew Libby. Officer Weigelt testified that he interviewed Mr. Avery to give him an opportunity to give his version of events, and he described him as cooperative. Mr. Avery told the officer that an argument arose at the home between him and the complainant about her teenage son's needs for transportation to and from work. The son apparently lived part-time with his mother and Mr. Avery, but also lived some miles away with his grandmother for school purposes. The family car had apparently broken down and was in the driveway. Mr. Avery and the complainant had a heated argument about these issues, and Mr. Avery reportedly told Officer Weigelt that she became extremely upset, "got in his personal space, started yelling at him, and that he moved her aside and went outdoors to be away from her...he made a motion of moving her to the side like this." (Trial transcript, pg. 40-41). Although neither trial counsel clarified on the record the gesture demonstrated by Officer Weigelt, the Court infers that he was describing contact that

4

could not be found offensive or otherwise constitute assault. In other words, it is clear to the Court that Mr. Avery never made any inculpatory statements to law enforcement, and his attorney in this matter is not actually arguing that he did.

The Court concludes that failure to file a motion to suppress the non-inculpatory statements would not constitute ineffective assistance. Moreover, given the circumstances of the interview as described by in the Trial Transcript, it could not be said that Mr. Avery was subjected to custodial interrogation under Maine law requiring the administration of *Miranda* warnings.

### II. Failure to obtain medical records of the complainant which might show a propensity for violence

Mr. Avery claims in his Petition and also testified that the complainant had only several weeks before the incident undergone a total hysterectomy. He described her at the trial as being irrational, violent, "outright, slathering mad" and having "lost her mind." (Id. at pg. 57, 59). He testified that she was not on her hormone medication yet, but claimed that she was on steroids. At hearing on the Petition, Mr. Avery referred to the "ovary thing" having put her "over the top" and making her "off her rocker." Mr. Avery also testified at the PCR hearing that she took steroids for her asthma which he claimed made her jittery and angry. He claims that trial counsel's failure to obtain her medical records both as to her use of steroids and her hysterectomy constituted ineffective assistance of counsel.

Trial counsel testified that he did discuss with the Petitioner his desire to attack the complainant's credibility in this fashion, but felt that it would backfire and be counterproductive. He felt confident the surgical or medical records would not support

the Petitioner's position that a hysterectomy or steroids taken for asthma would make complainant violent. Trial counsel also reiterated that the Petitioner's over-riding directive was to get the case over as soon as possible so he could get back into his house, and that the process if obtaining the records would only delay the proceedings.

The Court cannot find on this record that failure to obtain such records constitute ineffective assistance. While the Maine Rules of Criminal Procedure do provide a procedure for attorneys to obtain otherwise privileged or confidential records, including medical records, the process can delay proceedings as asserted by trial counsel. In addition, a strategic decision by trial counsel to avoid offending the fact-finder would hardly rise to ineffective assistance. In addition, Mr. Avery's position underestimates the evidentiary challenges faced by a trial attorney trying to obtain admission of such information. The Court finds trial counsel's explanation to be reasonable and credible on this issue. The Petitioner has failed to prove this allegation by a preponderance of evidence.

### *III. Inadequate cross-examination of witnesses regarding ability to observe events*

Mr. Avery claims in his Petition and also through his hearing testimony that trial counsel failed to adequately cross-examine witnesses about changes made in the layout of the residence since the incident such that the District Court did not have accurate information at trial. He seems to suggest that the layout in place at the time of the incident would have made certain witnesses' ability to see events difficult. He also argues that at the time of the incident there were obstacles and objects in his way that made it

6

impossible for him to escape without moving the complainant to the side as he testified at trial.[1]

Contrary to Mr. Avery's claims, trial counsel did elicit through his client's testimony what he believed to be the correct lay-out of the home on the date in question, including pointing out where the witness (the complainant's son) was when the events occurred. (Trial transcript, pg. 52).

In addition, it is apparent to the Court that the trial Judge had to make certain credibility determinations about what transpired at the residence. Mr. Avery's version of events to which he testified at trial as to how he left the complainant's presence was just one version, and that version was obviously rejected by the District Court.

Petitioner has failed to articulate or prove how trial counsel's cross examination of the complainant and her son under these circumstances, particularly given his trial testimony, likely deprived him of an otherwise substantial ground of defense as required by *Brewer.*


*IV. Inability to speak at sentencing*

The Court is not certain what the Petitioner is arguing because in fact Judge Dow did ask him if wanted to be heard at the time of sentencing. (Trial transcript, pg. 75). He appears, based upon the original Petition, to believe that he had the right to personally question or cross-examine the victim at sentencing so that his inability to do so made it impossible for him "to get his story out." The complainant had apparently absented

---

[1] The State's theory of the assault does not seem to have been that "moving" the complainant was illegal had it been done the way Mr. Avery described to Officer Weigelt. She testified that he had his hand up against her throat and that he "back-handed" her chin. She also describes him driving her backward with his chests with his arms swinging. (Trial transcript, pg. 12,13).

7

herself from the sentencing proceeding for reasons explained by the Assistant District Attorney. (Id. pg. 75).

The Petitioner has failed to articulate or prove how the sentencing proceeding as it transpired deprived him of an otherwise available ground of defense.

### V. Failing to protect Petitioner's right to trial by jury

This issue was not raised in either the original or Amended Petition. It was also not raised at the time the Court met with counsel on January 13, 2013 for a pre-hearing conference. However, at hearing the Petitioner and his attorney argued that the Petitioner wanted a jury trial but was dissuaded from doing so by trial counsel. According to the Petitioner, he and trial counsel discussed his right to a jury trial but he was advised that he would not do well in front of a jury. Trial counsel testified that they did in fact discuss his right to a jury trial but that he explained that a jury trial could result in some delay. Again, trial counsel stated that the Petitioner was highly focused on a prompt conclusion to the case, and a prompt return to his residence. He testified that when he explained the trailing docket process to him the Petitioner decided to have a trial before the District Court.

Counsel for the Petitioner indicated that trial counsel failed to ensure that the Defendant made a "conscious decision" to waive his right to a jury trial. While a Court can only accept a waiver of a fundamental right such as the right to a jury trial upon a finding that the waiver is knowing (M.R.Cr.P. 11) the Court is not aware of any rule or standard that requires that trial counsel obtain such a waiver from the client under that same standard. Defendants might have all kinds of reasons not to have a jury trial which

8

could be seen by others as misguided or unfortunate. However, so long as the choice is knowingly made, the Court believes it can be made by the Defendant for any number of reasons, such as wanting to save resources, or because a trial by judge might be reached sooner than a trial before a jury. The Petitioner did not produce any expert testimony on this issue. In the absence of some rule or standard that required trial counsel to formalize such a decision (something akin to a formal waiver) the Court is left to base its determination upon the credibility of the witnesses as to whether the Defendant made a knowing or "conscious" decision not to have a jury trial. The Court finds trial counsel's testimony to be credible that Mr. Avery was motivated to have a prompt trial and resolution of the matter that would allow him to return to his residence.

Counsel for Mr. Avery also suggested that Petitioner would, in fact, have done "better" in front of jury than in front of a Judge. In the absence of expert testimony or other evidence on this issue, the Court does not find this argument persuasive.

### VI. Failure to negotiate a resolution that would not imperil his right to possess firearms

Like Petitioner's claim regarding his right to trial by jury, he raised for the first time at hearing on the Petition a claim alleging that trial counsel was ineffective for failing to obtain a resolution which would not imperil his right to possess firearms. Petitioner testified that given his medical conditions, hunting is one of the few enjoyable things he can do outdoors. He indicated that he had received from the District Attorney's Office a letter offering him a deferred disposition which upon successful completion would result in a dismissal of charges, and but that he had no idea that he could have

avoided the firearms prohibition through this deferred disposition option. Petitioner testified that his loss of firearms privileges has been devastating for him.

Trial counsel recalled a plea offer that had been made allowing for dismissal of the charge after 14 months. However, he also testified that he is certain that the Petitioner would not have been willing to plead guilty to any charge, as his position was always that everything that occurred at the residence on the date in question was not his fault.

The Court is not aware of any statute or case law in Maine that establishes that the loss of the right to bear arms is viewed as anything other than a collateral consequence of a plea to a domestic violence crime. While the right to bear arms is unquestionably a constitutional right under both the Maine and United States constitutions, the Law Court has never held that an attorney has an obligation to inform a criminal defendant that a conviction (either after trial or upon a guilty plea) could result in loss of this right. [cf, *Aldus v. State*, 748 A.2d 463 (Me. 2000) in which the Court found ineffective assistance of counsel when trial counsel failed to inform defendant that a guilty plea would result in deportation]. Quoting *Strickland v. Washington*, 466 U.S. 668 (1984) the Law Court in *Aldus* affirmed a Superior Court finding that had Aldus been told about the certainty of deportation, as in *Strickland*, there was a "reasonable probability that, but for counsel's errors, (s)he would have" made a different decision. *Aldus* at 468. [2]

Petitioner and his attorney seem to argue that trial counsel's failure to secure a plea agreement that would not imperil Mr. Avery's right to possess firearms is *per se* ineffective assistance of counsel. In addition, he argues that counsel should have

---

[2] Mr. Avery is seeking relief from his decision to go to trial. Ms. Aldus sought relief from her decision to plead guilty. The Court cannot conceive of any reason, however, that the analysis might differ under these different procedural circumstances.

informed Mr. Avery that the deferred disposition agreement that was offered, if successfully completed, would have preserved this constitutional right.

The parties seem to agree that a deferred disposition after a guilty plea that results in a dismissal would not result in a prohibition against possession of firearms under federal law. They base this upon what appears to result from informal consultation with the Maine U.S. Attorney's Office, not upon any judicial decision.

Trial counsel testified that it was made clear to him by the Petitioner that he was never going to plead guilty to anything. He further testified that the Petitioner never mentioned the importance of firearms to him, and that he was hearing about this issue for the first time at the hearing. The Court finds trial counsel to be credible when he testified that this was news to him, not only because of the way he reacted to the allegation at hearing, but because there is absolutely no mention of this issue by either the Petitioner himself in his pro se petition, or in the amended petition filed by his court-appointed counsel.

Setting aside the issue of notice to trial counsel on this issue, and assuming for the sake of argument that a guilty plea with a deferred disposition and subsequent dismissal would not be treated as a conviction under federal law,[3] the Court finds that the Petitioner has failed to prove ineffective assistance under these circumstances. The Court does not need to reach the issue of whether failure to provide information and advice about the loss of the right to possess firearms is *per se* ineffective, because on this record the

---

[3] The Court had asked the parties to research this issue as there seems to be significant disagreement among defense practitioners whether the only way to avoid the loss of the right to bear arms in the face of a domestic violence with guilty plea would be to convince the prosecutor to accept plea to a lesser charge (such as disorderly conduct) or whether a practitioner could rightly advise their clients that a guilty plea and deferred disposition with dismissal would also preserve the right. The Court is not convinced that assurance from a particular U.S. Attorney creates settled legal precedent. The Court would note that under Maine law, a person is not convicted under a deferred disposition agreement until the person is sentenced. 17-A MRSA 1348-A(4).

11

Petitioner cannot prove that there is any "reasonable probability" that he would have made a different decision had he known that he might have retained his right to bear arms if he had successfully complied with the deferred disposition agreement. The Court does not believe that the Petitioner ever testified at hearing he would have taken this or any offer. He continues to steadfastly deny his guilt. Based upon his testimony and demeanor, the Court finds it inconceivable that he would have been willing to admit guilt, which as counsel for the parties understand, would be a requirement of any deferred disposition agreement.[4] The Petitioner has therefore failed to prove this claim as well.

The entry will be:

**Petition for Post-Conviction review is DENIED.**

7/11/13

**DATE**

**SUPERIOR COURT JUSTICE**

---

[4] There was no evidence introduced at hearing that any other offer was made by the District Attorney's Office, or would have been made, to a different or lesser charge.

12

JAMES F AVERY
    vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2011-01006

## DOCKET RECORD

PL. ATTY: VERNE PARADIE                           State's Attorney: EVERT FOWLE
         PARADIE SHERMAN & WORDEN
         11 LISBON ST SUITE 202
         LEWISTON ME 04240
         APPOINTED 05/17/2012

Filing Document: PETITION                         Major Case Type: POST CONVICTION REVIEW
Filing Date: 12/27/2011

## Charge(s)

## Docket Events:

12/29/2011 FILING DOCUMENT -  PETITION FILED ON 12/27/2011

01/13/2012 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 01/13/2012

02/27/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 02/23/2012

03/19/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 02/29/2012
          M MICHAELA MURPHY , JUSTICE
05/07/2012 LETTER -  FROM PARTY FILED ON 05/07/2012

          DEFENDANT REQUESTS COURT APPOINTED ATTORNEY, J. MURPHY ORDERED: DEFENDANT IS ORDERED TO
          COMPLETE FINANCIAL AFFIDAVIT BEFORE COURT WILL COURT APPOINT COUNSEL.  CLERK TO SET FOR
          STATUS CONFERENCE, NEXT AVAILABLE DATE.
05/07/2012 HEARING -  CONFERENCE SCHEDULED FOR 05/15/2012 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
05/07/2012 HEARING -  CONFERENCE NOTICE SENT ON 05/07/2012

05/16/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/15/2012

05/22/2012 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/17/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
05/22/2012 Party(s):  JAMES F AVERY
          ATTORNEY -  APPOINTED ORDERED ON 05/17/2012

          Attorney: VERNE PARADIE
11/13/2012 OTHER FILING -  TRANSCRIPT FILED ON 11/13/2012

          TRANSCRIPT OF HEARING HELD IN WATERVILLE DISTRICT COURT
11/19/2012 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 11/16/2012

11/27/2012 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 11/26/2012

11/29/2012 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 11/28/2012
          M MICHAELA MURPHY , JUSTICE

COPY TO PARTIES/COUNSEL
11/29/2012 MOTION - OTHER MOTION FILED BY STATE ON 11/26/2012

DA: STEVEN PARKER
MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO STATE'S ATTORNEY
11/29/2012 MOTION - OTHER MOTION GRANTED ON 11/29/2012
M MICHAELA MURPHY , JUSTICE
MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO STATE'S ATTORNEY
12/05/2012 MOTION - OTHER MOTION FILED BY STATE ON 12/05/2012

DA: JOELLE PRATT
MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
12/12/2012 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 12/10/2012

DA: TRACY DEVOLL
01/08/2013 HEARING - CONFERENCE HELD ON 05/15/2012
M MICHAELA MURPHY , JUSTICE
01/14/2013 MOTION - OTHER MOTION GRANTED ON 12/10/2012
M MICHAELA MURPHY , JUSTICE
MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
01/14/2013 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 01/23/2013 at 12:30 p.m.

01/14/2013 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 01/14/2013

02/01/2013 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 01/23/2013
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
02/01/2013 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 01/23/2013
M MICHAELA MURPHY , JUSTICE
HEARING TO BE SET IN APRIL 2013, 1/2 DAY REQUIRED
04/10/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/13/2013 at 08:30 a.m.
M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL
04/10/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 04/10/2013

DEFT NOT IN CUSTODY.
05/24/2013 BRIEF - PETITIONERS BRIEF FILED ON 05/24/2013

05/29/2013 HEARING - EVIDENTIARY HEARING HELD ON 05/13/2013
M MICHAELA MURPHY , JUSTICE
Attorney: VERNE PARADIE
DA: FERNAND LAROCHELLE
Defendant Present in Court
05/29/2013 OTHER FILING - MEMORANDUM OF LAW FILED ON 05/29/2013

07/15/2013 ORDER - COURT ORDER FILED ON 07/11/2013
M MICHAELA MURPHY , JUSTICE
ORDER ON PETITION FOR POST-CONVICTION REVIEW
07/15/2013 ORDER - COURT ORDER ENTERED ON 07/11/2013

A TRUE COPY
ATTEST: _____
                    Clerk